Jasbir SINGH, Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 11–70994.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2015.*

Filed Feb. 25, 2015.

Christopher John Stender, Esquire, Federal Immigration Counselors, Inc., APC, San Francisco, CA, for Petitioner.

Channah Farber, Oil, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

MEMORANDUM **

Jasbir Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Chebchoub v. INS,* 257 F.3d

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1038, 1042 (9th Cir.2001), and de novo claims of due process violations, *Simeonov v. Ashcroft,* 371 F.3d 532, 535 (9th Cir. 2004). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistent evidence regarding Singh's identity, inconsistent testimony regarding Singh's political party membership and reasons for obtaining a passport, implausible testimony regarding Singh's lack of knowledge of elections, and based on the IJ's negative demeanor finding. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003) (stating that identity is a "key" element of an asylum claim); *Chebchoub,* 257 F.3d at 1043 (finding that inconsistent and implausible testimony went to the heart of the claim, and supported an adverse credibility finding); *Singh–Kaur v. INS,* 183 F.3d 1147, 1151 (9th Cir.1999) (giving special deference to findings based on demeanor). The agency reasonably rejected Singh's explanations for the inconsistencies. *See Rivera v. Mukasey,* 508 F.3d 1271, 1275 (9th Cir.2007). We reject Singh's contention that the BIA failed to address evidence on appeal. *See Najmabadi v. Holder,* 597 F.3d 983, 990 (9th Cir.2010) (BIA need not "write an exegesis on every contention"). We reject Singh's contention that the agency's findings are based on speculation. The record does not support Singh's due process contention that the IJ failed to act impartially. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error to prevail on a due process claim). Moreover, we reject Singh's due process contentions related to the agency's reliance on passport evidence he submitted in support of his claim. *See id.* In the absence of credible testimony,

Singh's asylum and withholding of removal claims fail. *See Farah,* 348 F.3d at 1156.

Finally, substantial evidence also supports the agency's denial of Singh's CAT claim because it is based on the same testimony found not credible, and he does not point to any other evidence that compels the finding that it is more likely than not he would be tortured if returned to India. *See id.* at 1156–57. We reject Singh's contentions that the agency's analysis of his CAT claim was deficient. *See Najmabadi,* 597 F.3d at 990. Thus, Singh's CAT claim fails.

**PETITION FOR REVIEW DENIED.**

